IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TYRELL FOY,

        Plaintiff,                       No. 2:12-cv-02797 GEB KJN PS

    v.

RIPON POLICE DEPARTMENT;
OFFICER STEPHEN MEECE,

        Defendants.           <u>ORDER</u>

        Plaintiff, who is proceeding without counsel, filed his complaint on November 14, 2012 (Dkt. No. 1).[1] Presently before the court is plaintiff's application to proceed without prepayment of fees, or in forma pauperis (Dkt. No. 2). For the reasons stated below, the undersigned grants plaintiff's application to proceed in forma pauperis, orders service of plaintiff's complaint as to one named defendant, and dismisses the complaint without prejudice as to the remaining named defendant.

////

////

////

---

[1] This case proceeds before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

I.     <u>Plaintiff's Application to Proceed In Forma Pauperis</u>

        Plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Plaintiff's application and declaration make the showing required by 28 U.S.C. §§ 1915(a)(1) and 1915(2). Accordingly, the undersigned grants plaintiff's request to proceed in forma pauperis.

II.     <u>Screening of Plaintiff's Complaint</u>

    A.     <u>General Screening Standards</u>

        The determination that a plaintiff may proceed in forma pauperis does not complete the inquiry. The court is also required to screen complaints brought by parties proceeding in forma pauperis. <u>See</u> 28 U.S.C. § 1915(e)(2); <u>see also</u> <u>Lopez v. Smith</u>, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc). Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss a case filed pursuant to the in forma pauperis statute if, at any time, it determines that the allegation of poverty is untrue, the action is frivolous or malicious, the complaint fails to state a claim on which relief may be granted, or the action seeks monetary relief against an immune defendant.

        A claim is legally frivolous when it lacks an arguable basis either in law or in fact. <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989); <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous if that claim is based on an indisputably meritless legal theory or if the factual contentions are clearly baseless. <u>Neitzke</u>, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pled, has an arguable legal and factual basis. <u>See</u> <u>Franklin</u>, 745 F.2d at 1227.

        In assessing whether a plaintiff's complaint fails to state a claim on which relief can be granted, the court adheres to the "notice pleading" standards. <u>See, e.g.</u>, <u>Paulsen v. CNF, Inc.</u>, 559 F.3d 1061, 1071 (9th Cir. 2009). The notice pleading standards are codified, in part, in Federal Rule of Civil Procedure 8(a), which provides:

////

> **(a) Claim for Relief.** A pleading that states a claim for relief must contain:
>
> **(1)** a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>
> **(2)** a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> **(3)** a demand for the relief sought, which may include relief in the alternative or different types of relief.

Additionally, a complaint should be dismissed for failure to state a claim if, taking all well-pleaded factual allegations as true, it does not contain "'enough facts to state a claim to relief that is plausible on its face.'" See Coto Settlement v. Eisenberg, 593 F.3d 1031, 1034 (9th Cir. 2010) (quoting Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009)). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Caviness v. Horizon Cmty. Learning Ctr., Inc., 590 F.3d 806, 812 (9th Cir. 2010) (quoting Iqbal, 129 S. Ct. at 1949). The court accepts all of the facts alleged in the complaint as true and construes them in the light most favorable to the plaintiff. Corrie v. Caterpillar, 503 F.3d 974, 977 (9th Cir. 2007). The court is "not, however, required to accept as true conclusory allegations that are contradicted by documents referred to in the complaint, and [the court does] not necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations." Paulsen, 559 F.3d at 1071 (citations and quotation marks omitted). The court must construe a pro se pleading liberally to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in the complaint and give the plaintiff an opportunity to cure them if it appears at all possible that the plaintiff can correct the defect. See, e.g., Lopez, 203 F.3d at 1130-31.

////

////

////

B. <u>Plaintiff's Complaint</u>

Plaintiff's suit is against Officer Meece and the Ripon Police Department.[2] The complaint primarily alleges liability for constitutional violations under 42 U.S.C. § 1983.

Plaintiff alleges that on May 16, 2012, he was putting gas in his vehicle at a "Quik Stop" gas station when he was approached by defendant Officer Stephen Meece. Defendant Meece allegedly searched plaintiff's person and plaintiff's vehicle without probable cause, impounded the vehicle upon discovering plaintiff's driving on a suspended license, and engaged in racial profiling and used racial "slurs and phrases" toward plaintiff in violation of the Fourth Amendment. (Compl., Dkt. No. 1 at 1-6.) Plaintiff alleges that

> Officer Meece [did] not use his procedures correctly during a stop. I was not driving; nor did he pull me over. There was no traffic stop, I was at the gas pump for about 2 good minute[s] [and] a half when he pulled up. He had no probable cause to tow nor stop me.

(<u>Id.</u> at 5.) Plaintiff seeks $20,000 in damages, and injunctive relief in the form of "investigat[ing] the operation and the conduct of the Ripon Police Department." (<u>Id.</u> at 6.)

As against Officer Meece, the undersigned cannot conclude on the present record that plaintiff's action is frivolous, fails to state claims on which relief can be granted, or seeks monetary relief from an immune defendant. The undersigned reserves decision as to plaintiff's claims until the record is sufficiently developed, and this order does not preclude defendants from challenging plaintiff's complaint through a timely motion pursuant to Federal Rule of Civil Procedure 12 or other appropriate method of challenging plaintiff's complaint. Accordingly, the undersigned orders service of the complaint as to defendant Officer Meece.

However, as against the Ripon Police Department, plaintiff has not sufficiently alleged a claim for relief. Plaintiff does not clearly allege that the Ripon Police Department's

---

[2] The undersigned notes that the named defendant "Ripon Police Department" may more appropriately be named as the "City of Ripon," but will nonetheless refer to that defendant herein by the name plaintiff uses in his pleading.

4

policies, customs, and practices — such as the Department's alleged failure to provide adequate training and/or lack of adequate supervision, or other policies — resulted in the deprivation of his constitutional rights.

The Civil Rights Act provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Generally, with respect to individual defendants, such as Officer Meece, "Section 1983 imposes civil liability upon an individual who under color of state law subjects or causes, any citizen of the United States to the deprivation of any rights, privileges or immunities secured by the Constitution and laws." Franklin v. Fox, 312 F.3d 423, 444 (9th Cir. 2002) (citing 42 U.S.C. § 1983). "To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of State law." Long v. County of L.A., 442 F.3d 1178, 1185 (9th Cir. 2006) (citing West v. Atkins, 487 U.S. 42, 48 (1988)); accord Karim-Panahi v. L.A. Police Dep't, 839 F.2d 621, 624 (9th Cir. 1988) ("To make out a cause of action under section 1983, plaintiffs must plead that (1) the defendants acting under color of state law (2) deprived plaintiffs of rights secured by the Constitution or federal statutes" (citation omitted).).

To the extent that plaintiff is attempting to hold the Ripon Police Department responsible for the acts of Officer Meece under Section 1983, plaintiff's complaint is deficient. If plaintiff desires to allege a claim of municipal liability, plaintiff must plead sufficient facts, and has not yet pled such facts, to support a claim under the following standards applicable to a municipal Section 1983 claim.

A municipality may be held liable for civil rights violations under Section 1983, but the standards governing the liability of a municipality materially differ from those that govern the liability of individuals who acted under color of state law. In Monell v. Department of Social Services, 436 U.S. 658, the Supreme Court limited municipal liability and held that "a municipality cannot be held liable *solely* because it employs a tortfeasor — or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." Id. at 691. Instead, "[l]ocal governing bodies . . . can be sued directly under § 1983 for monetary, declaratory, or injunctive relief where . . . the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." Id. at 690 (footnote omitted). The Court further stated that "it is when execution of a [local] government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." Id. at 693; see also Bd. of County Comm'rs of Bryan County, Okla. v. Brown, 520 U.S. 397, 403 (1997) ("[W]e have required a plaintiff seeking to impose liability on a municipality under § 1983 to identify a municipal 'policy' or 'custom' that caused the plaintiff's injury.").

The Ninth Circuit Court of Appeals has held that in order to establish municipal liability, "the plaintiff must establish: (1) that he [or she] possessed a constitutional right of which he [or she] was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional right; and (4) that the policy was the moving force behind the constitutional violation." Miranda v. City of Cornelius, 429

F.3d 858, 868 (9th Cir. 2005) (citation and quotation marks omitted, modification in original); see also Levine v. City of Alameda, 525 F.3d 903, 907 (9th Cir. 2008) ("To establish [municipal] liability, a plaintiff must establish that he was deprived of a constitutional right and that the city had a policy, practice, or custom which amounted to 'deliberate indifference' to the constitutional right and was the 'moving force' behind the constitutional violation.") (citing Van Ort v. Estate of Stanewich, 92 F.3d 831, 835 (9th Cir. 1996), cert. denied, 519 U.S. 1111 (1997)).  With respect to the last element, "[t]here must be a direct causal link between a municipal policy or custom and the alleged constitutional deprivation." Villegas v. Gilroy Garlic Festival Ass'n, 541 F.3d 950, 957 (9th Cir. 2008) (en banc) (citation and quotation marks omitted).  Furthermore, the Court of Appeals has recognized that in addition to showing that a constitutional violation resulted from an express municipal policy or custom, "[a] plaintiff may also establish municipal liability by demonstrating that (1) the constitutional tort was the result of a longstanding practice or custom which constitutes the standard operating procedure of the local government entity; (2) the tortfeasor was an official whose acts fairly represent official policy such that the challenged action constituted official policy; or (3) an official with final policy-making authority delegated that authority to, or ratified the decision of, a subordinate." Price v. Sery, 513 F.3d 962, 966 (9th Cir. 2008) (citation and quotation marks omitted).

A local governmental entity may also "be liable if it had a policy or custom of failing to train its employees and that failure to train caused the constitutional violation.  In particular . . . the inadequate training of police officers could be characterized as the cause of the constitutional tort if — and only if — the failure to train amounted to 'deliberate indifference' to the rights of persons with whom the police come into contact." Collins v. City of Harker Heights, 503 U.S. 115, 123-124, 112 S. Ct. 1061 (1992) (fn. omitted), citing in Canton v. Harris, 489 U.S. 378, 387, 388, 109 S.Ct. 1197 (1989).

Plaintiff's complaint does not allege facts that meet the standards applicable to a municipal liability claim under 42 U.S.C. § 1983.  Accordingly, plaintiff has not pled an

adequate municipal liability claim against the Ripon Police Department.  Based on the foregoing, the undersigned dismisses plaintiff's claims against the Ripon Police Department without prejudice.  However, plaintiff is granted leave to file an amended complaint if he desires to attempt to pursue claims against the Ripon Police Department.

### III.  CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED that:

1. Plaintiff's application to proceed in forma pauperis (Dkt. No. 2) is granted.

2. Service of plaintiff's complaint (Dkt. No. 1) is appropriate for the following defendants: Officer Stephen Meece.  Service is not appropriate, however, as to defendant the Ripon Police Department.  Should plaintiff wish to pursue a municipal liability claim against the Ripon Police Department, pursuant to the authorities discussed above plaintiff must allege a particular policy or custom of that Department that plaintiff alleges was the moving force behind the alleged constitutional violation(s).  If he chooses to continue to assert claims against the Ripon Police Department, plaintiff shall file such an amended pleading within 30 days after the entry of this order, and such pleading will be entitled "First Amended Complaint."[3]  Failure to timely file such an amended pleading will result in a recommendation that defendant Ripon Police Department be dismissed from this action with prejudice, and the action will proceed with Officer Meece as the sole named defendant.

3. The Clerk of the Court is directed to issue forthwith all process pursuant to Federal Rule of Civil Procedure 4.

---

[3]  Plaintiff is informed that the court cannot refer to prior pleadings in order to make an amended complaint complete. Eastern District Local Rule 220 requires that an amended complaint be complete in itself.  This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) ("The amended complaint supersedes the original, the latter being treated thereafter as non-existent."). Accordingly, once a plaintiff files an amended complaint, the original complaint no longer serves any function in the case. Defendants not named in an amended complaint are no longer defendants. Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). "If a plaintiff fails to include dismissed claims in an amended complaint, the plaintiff is deemed to have waived any error in the ruling dismissing the prior complaint." N.Y. City Employees' Retirement Sys. v. Jobs, 593 F.3d 1018, 1024-25 (9th Cir. 2010).

4. The Clerk of Court shall send plaintiff one USM-285 form, one summons, this court's scheduling order, and the forms providing notice of the magistrate judge's availability to exercise jurisdiction for all purposes.

5. Plaintiff is advised that to effectuate service, the U.S. Marshal will require:

   a. One completed summons;

   b. One completed USM-285 form for each defendant to be served;

   c. A copy of the First Amended Complaint for each defendant to be served, with an extra copy for the U.S. Marshal;

   d. A copy of this court's scheduling order and related documents for each defendant to be served; and

   e. A copy of this order for each defendant to be served.

6. Plaintiff shall supply the United States Marshal, within 30 days from the date this order is filed, all information needed by the Marshal to effectuate service of process, and *shall, within 10 days thereafter, file a statement with the court that such documents have been submitted to the United States Marshal*.

7. The U.S. Marshal shall serve process, along with copies of this order and this court's scheduling order and related documents, within 90 days of receipt of the required information from plaintiff, without prepayment of costs.  *The United States Marshal shall, within 10 days thereafter, file a statement with the court that such documents have been served.*  If the U.S. Marshal is unable, for any reason, to effect service of process on any defendant, the Marshal shall promptly report that fact, and the reasons for it, to the undersigned.

8. If a defendant waives service, the defendant is required to return the signed waiver to the United States Marshal.  *The filing of an answer or a responsive motion does not relieve a defendant of this requirement, and the failure to return the signed waiver may subject a defendant to an order to pay the costs of service pursuant to Federal Rule of Civil Procedure 4(d)(2)*.

9

1     9.     The Clerk of Court shall serve a copy of this order on the United States Marshal, 501 "I" Street, Sacramento, CA 95814 (tel. 916-930-2030).

2     10.    Plaintiff's failure to comply with this order may result in a recommendation that this action be dismissed pursuant to Federal Rule of Civil Procedure 41(b) and Local Rules 110 and 183(a).

IT IS SO ORDERED.

DATED: November 20, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

10