IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TYRELL FOY,

      Plaintiff,                 No. 2:12-cv-02797 KJN PS

      v.

RIPON POLICE OFFICER
STEPHEN MEECE,

      Defendants.           ORDER

_____/

      Plaintiff Tyrell Foy ("plaintiff"), who is proceeding without counsel and in forma pauperis, filed his complaint on November 14, 2012. (Compl., ECF No. 1).[1] After a hearing upon the Motion to Dismiss filed by defendant Stephen Meece's ("defendant") (Mot. to Dismiss, ECF No. 9), plaintiff was ordered to file a Statement Re: Related Criminal Case Pending Against Plaintiff In State Court (Order, ECF No. 23), among other things. Plaintiff timely filed the required Statement. (Pl.'s Statement, ECF No. 24.)

      In response to plaintiff's Statement, defendant filed a letter brief (Letter Brief, ECF No. 25) and a supporting declaration by the prosecuting attorney in plaintiff's criminal case

---

[1] This matter proceeds before the undersigned as a result of an order dated May 17, 2013, and the parties' voluntary consent to the jurisdiction of the undersigned for all proceedings in this case, including trial and entry of final judgment. (ECF Nos. 8, 17, 19.) See 28 U.S.C. § 636(c)(1); Fed. R. Civ. P. 73; E.D. Cal. L.R. 301, 305.

1

(Declaration of Ashley Belden ("Belden Decl."), ECF No. 26).  According to defendant, plaintiff's Statement failed to mention a significant fact: that the state criminal trial court judge denied plaintiff's motion to suppress evidence, effectively finding that Officer Meece "did in fact have probable cause to detain and search Mr. Foy."  (Letter Brief at 1.)  According to defendant, "[s]ince the issue of probable cause has already been decided against Mr. Foy, we respectfully request that this Court dismiss Mr. Foy's pending case.  Should Your Honor require that we file a formal Motion, please advise and we will promptly comply."  (Id.)

        As previously discussed on the record during a hearing and in the undersigned's order issued thereafter (ECF No. 23), plaintiff's criminal case could impact this court's ability to hear this civil case.  See, e.g., Heck v. Humphrey, 512 U.S. 477, 489-90 & n.10 (1994).  In Heck v. Humphrey, the United States Supreme Court held that a suit for damages on a civil rights claim concerning an allegedly unconstitutional conviction or imprisonment cannot be maintained absent proof "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254."  Id. at 486.  Thus, "[i]f 'a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence,' then 'the complaint *must be dismissed* unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.'"  Whitaker v. Garcetti, 486 F.3d 572, 583 (9th Cir. 2007) (quoting Heck, 512 U.S. at 487) (emphasis added).

        To put the matter properly before the court, defendant shall file a formal, noticed motion in accordance with Eastern District Local Rule 230.  Such motion shall be filed within 45 days of the issuance of this order, so as to give the parties sufficient time to meet and confer regarding potential resolution or plaintiff's voluntary dismissal of his case.  Should plaintiff choose to voluntarily dismiss his case, no substantive briefing will be necessary.  Otherwise, defendant's motion shall raise the arguments made in defendant's Letter Brief and shall *apply the relevant legal authorities to the specific facts of this case*.  Defendant shall notice the motion to

be heard on the undersigned's regularly-scheduled law and motion calendar, and plaintiff shall timely file an opposition or statement of non-opposition to such a motion.  E.D. Cal. L.R. 230(c).

IT IS SO ORDERED.

DATED:  June 21, 2013

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE